IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELANO GAMBLE, # B-42952, )<br>)<br>          Plaintiff, )<br>)<br>   vs. )<br>)<br>DR. NWAOBASI, J. SCHOENBECK, )<br>LT. LASHBROOK, )<br>UNKNOWN PARTY TOWERS 4, 5, & 16, )<br>IA OFFICERS, and )<br>WARDEN ATCHISON, )<br>)<br>          Defendants. ) | Case No. 12-cv-1271-MJR |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Menard Correctional Center ("Menard"). Plaintiff is serving a life sentence for murder, in addition to two 30-year sentences for other offenses. Plaintiff alleges that various Defendants failed to protect him from an assault by other inmates, improperly disciplined him as a result of that assault, and then were deliberately indifferent to his serious medical needs.

Specifically, Plaintiff explains that on February 24, 2012, a gang-related fight broke out among inmates on Menard's West yard (Doc. 1, p. 4). Plaintiff got up to use the phone and was attacked by several inmates who kicked, punched, and stabbed him. He yelled for help, and guards fired warning shots in the air. Defendant Schoenbeck wrote the incident report charging Plaintiff with being involved in "dangerous disturbances," gang activity, and fighting

(Doc. 1, p. 37).[1] He was found guilty after a hearing, and his punishment included one year in segregation. However, he maintains he was not involved in the fight and that he was just at the wrong place at the wrong time when he was attacked (Doc. 1, p. 5). The basis for the disciplinary committee's decision is that Plaintiff is a "known affiliate of the Black Disciples STG" and that he "self admitted to fighting on the West yard" (Doc. 1, p. 37). Plaintiff's complaint, however, denies both his participation in the fight and his involvement with the Black Disciples, stating he left that gang in 1999. He wrote to Defendant Atchison and an assistant warden, explaining that he had been wrongly punished because he was not involved in the fight, but they did not respond (Doc. 1, p. 5).

On July 7, 2012, Plaintiff visited Defendant Nwaobasi (the Menard doctor) for a check of his stab wounds. Despite Plaintiff's complaint about still experiencing sharp pains where he was stabbed, Defendant Nwaobasi refused to treat him for this ongoing pain (Doc. 1, p. 5).

Plaintiff seeks compensatory damages, and injunctive relief to clear his segregation record (Doc. 1, p. 6).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable claim against Defendants Schoenbeck, Atchison, and the IA (Internal Affairs) Officers for deprivation of a liberty interest (one year in disciplinary segregation) without due process (Count 1), that merits further review. Plaintiff's challenge to the evidence underlying the disciplinary action raises a question as to whether the decision of the disciplinary hearing board has any factual basis. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000); *Black*

---

[1] The attached summary of Plaintiff's disciplinary hearing notes that approximately 180 inmates were on the yard during this incident.

*v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).  This possible denial of due process, coupled with the length of Plaintiff's disciplinary segregation, indicates that a factual inquiry into the conditions of his segregation may be required.  *See Marion v. Columbia Corr. Inst*., 559 F.3d 693, 697-98 (7th Cir. 2009).

Further, Plaintiff's claim against Defendant Nwaobasi for deliberate indifference to medical needs (Count 2) shall be allowed to proceed.  However, the complaint fails to state a constitutional claim for failure to protect Plaintiff from the assault in the yard (Count 3). Therefore, this claim and the remaining Defendants shall be dismissed from the action, for the reasons to follow.

In Count 3, Plaintiff contends that the Unknown Party Defendants in Towers 4, 5, and 16 should have fired shots directly at the inmates who attacked Plaintiff, rather than merely discharging warning shots into the air (Doc. 1, pp. 4-5).  Aside from the fact that such an action seems as likely to have injured Plaintiff as to have deterred his attackers, this scenario does not amount to a constitutional violation.  Not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety, particularly in the case of a random and unprovoked attack such as Plaintiff describes.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.  *Id*.; *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir.

1996).  In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action.  *See Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).  Furthermore, a defendant's willingness to take affirmative steps aimed at stopping the situation is relevant to whether that defendant showed deliberate indifference.  *See Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007); *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (defendant "took other steps to intervene by promptly calling for back-up and monitoring the fight from the secure area until other officers arrived").

Under the above precedent, Plaintiff fails to state a claim that the Unknown Party Defendants of Towers 4, 5, and 16 failed to protect him from harm.  They took the step of firing warning shots to try to break up the fight, which does not suggest they were deliberately indifferent to his plight.  Similarly, he has no claim against Defendant Atchison for "failing to react to the safety problems" when the Unknown Party Defendants did not shoot at his assailants.  Count 3 shall be dismissed with prejudice.

Finally, although Plaintiff lists Defendant Lashbrook as a party (Doc. 1, p. 2), he fails to include any allegations against her in the body of his complaint.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against her.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, Defendant Lashbrook will be dismissed from this action without prejudice.

**Pending Motion**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Williams for further consideration.

**Disposition**

**Count 3** is **DISMISSED** with prejudice.  The **UNKNOWN PARTY DEFENDANTS OF TOWERS 4, 5, AND 16** are **DISMISSED** from this action with prejudice.  Defendant **LASHBROOK** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **NWAOBASI, SCHOENBECK,** and **ATCHISON**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (IA Officers) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used

only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 11, 2013**

s/ MICHAEL J. REAGAN
United States District Judge